UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Tate, # 114188, | ) |
| | ) |
| | ) C/A No. 6:13-2390-TLW-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Kela E. Thomas, *Director, SC Dept. Prob. Parole and Pard. Servs.*, and Unknown Defendants, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Background of this Case**

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections where Plaintiff is serving a life sentence for a murder conviction. In the above-captioned case, Plaintiff has brought suit against the Director of the South Carolina Department of Probation, Parole, and Pardon Services. Plaintiff has also listed "Unknown Defendants" in the caption of the Complaint.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action concerns the denial of parole to Plaintiff by South Carolina's Parole Board. Plaintiff states that he most recently appeared before the Parole Board on June 12, 2013. Plaintiff alleges that "[t]he Parole Board interprets Section 24-21-645 to require an inmate receive a two-thirds majority vote of the parole board's seven members, thus meaning plaintiff needed five votes, rather than four, to receive parole." Plaintiff also states that, "[i]n denying plaintiff parole, the parole board listed the nature and seriousness

of crime and indication of violence in this or previous offense, the use of a deadly weapon in this or previous offense." Plaintiff also alleges that S.C. Code § 24-21-645 is ambiguous and "invites absurd results," Plaintiff obtained a two-thirds vote of the parole board, and that S.C. Code § 24-21-645 violates the *Ex Post Facto* Clause. In his prayer for relief, Plaintiff seeks a declaration that his rights were violated under the *Ex Post Facto* Clauses of the United States and South Carolina Constitutions, an order authorizing his release on supervised parole, a preliminary and permanent injunction to reverse the illegal retroactive application of S.C. Code § 24-21-645, compensatory and punitive damages, a jury trial, and court costs. In his answers on page 2 of the Complaint, Plaintiff states that he has appealed to South Carolina's Administrative Law Court ("ALJ NO. 13C0027"), but he has not received a decision or result from the Administrative Law Court.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A state inmate has no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure — at most, a statement of reasons for the denial of parole, which Plaintiff was provided. See *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996); and Complaint at page 4: "In denying plaintiff parole, the parole board listed the nature and seriousness of crime and indication of violence in this or previous offense, the use of a deadly weapon in this or previous offense."

Plaintiff is not entitled to damages with respect to the denial of his parole because a right of action has not accrued, as required by *Heck v. Humphrey*, 512 U.S. 477 (1994). The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has held that *Heck* applies to § 1983 claims seeking damages for alleged constitutional violations involving parole proceedings. *See Husketh v. Sills*, No. 02-6261, 34 Fed.Appx. 104, 104 n. 2, 2002 WL 924288 (4th Cir. May 8, 2002) (collecting cases holding that actions challenging validity of parole proceedings call into question fact of confinement and thus must satisfy the *Heck* holding); *see also Curtis v. Ozmit*, C.A. No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *5 (D.S.C. Jan. 5, 2011) (applying *Heck* to denial of parole), *adopted by* 2011 WL 601259 (D.S.C. Feb. 11, 2011).

Also, Plaintiff cannot obtain release on parole in this civil rights action. *See Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983");

3

and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). Also, in light of Plaintiff's pending appeal to South Carolina's Administrative Law Court, any habeas corpus action by Plaintiff would be premature until Plaintiff has received a decision from the Administrative Law Court and has sought further judicial review by higher state courts. *See Sherard v. Reynolds*, C.A. No. 6:08-0609-HMH-WMC, 2009 WL 425805, at *5 (D.S.C. Feb. 18, 2009) ("[T]he ALC has jurisdiction to hear the petitioner's appeal. Should the petitioner receive an unfavorable decision, it can be appealed through the state courts."); and *Barton v. South Carolina Dep't of Probation, Parole and Pardon Services*, 745 S.E.2d 110, 113 (S.C. 2013) (outlining procedure for appeals from Administrative Law Court).

On July 3, 2013, the Supreme Court of South Carolina issued its decision in *Barton v. South Carolina Dep't of Probation, Parole and Pardon Services*, 745 S.E.2d 110 (S.C. 2013). In *Barton*, the Supreme Court of South Carolina reversed a decision of the Administrative Law Court and held that the provision in S.C. Code Ann. § 24-21-645 (as amended) requiring a two-thirds vote of the parole board for persons convicted of a violent crime, as defined in S.C. Code Ann. § 16-1-60, violates the *Ex Post Facto* Clauses of the United States and the South Carolina Constitutions. *Barton*, 745 S.E.2d at 114–20. In *Barton*, the Supreme Court of South Carolina also held that a two-thirds vote of the parole board means two-thirds of those actually present at the parole review, not two-thirds of the entire parole board. *Barton*, 745 S.E.2d at 122–23.

The relief requested by Plaintiff in the above-captioned case was granted to the prisoner in *Barton* by the Supreme Court of South Carolina. *Id.* at 123. *Barton* is now binding precedent on lower South Carolina courts, including South Carolina's

Administrative Law Court. As noted by the Supreme Court of South Carolina in *Barton*, the Supreme Court of South Carolina, in effect, has granted more expansive *ex post facto* protections to persons seeking parole. *Id.* at 116–20. Those more expansive protections are not available in an action filed by a South Carolina prisoner in this federal district court because of the holdings in *California Dep't of Corr. v. Morales*, 514 U.S. 499 (1995), and *Roller v. Gunn* ("*Roller II*"), 932 F. Supp. 729 (D.S.C. 1996), *aff'd*, 107 F.3d 227 (4th Cir. 1997). In other words, prisoners challenging laws affecting parole in South Carolina can obtain relief based on the South Carolina Constitution in courts of the State of South Carolina that is unavailable to them in federal court because of controlling Supreme Court and Fourth Circuit case law as to what constitutes a violation of the *Ex Post Facto* Clause of the United States Constitution. *Barton*, 745 S.E.2d at 116–17; *cf. Pruneyard Shopping Ctr. v. Robins*, 447 U.S. 74, 81 (1980) (each State has the "sovereign right to adopt in its own Constitution individual liberties more expansive than those conferred by the Federal Constitution").

In light of Plaintiff's pending appeal to the South Carolina Administrative Law Court and the availability of a state remedy pursuant to the holding in *Barton* in the Administrative Law Court, Plaintiff does not satisfy the four-part criteria for a preliminary injunction issued by a federal court. *See Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 19–20 (2008) (to obtain injunctive relief, a plaintiff must establish (1) the likelihood that the plaintiff will succeed on the merits, (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted, (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we

now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions.").

## Recommendation

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

September 13, 2013                                s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).