IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Tate, #113188, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Kela E. Thomas, *Director, SC Dept.* )<br>*Prob. Parole and Pard. Servs.,* and )<br>Unknown Defendants, )<br><br>Defendants. )<br>_____ ) | Civil Action No.: 6:13-2390-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Ronald Tate ("the plaintiff"), proceeding *pro se*, initiated this civil rights action

pursuant to 42 U.S.C. § 1983 against the defendant Kela E. Thomas ("the defendant") and

Unknown Defendants challenging the denial of parole.  (Compl., ECF No. 1.)   In

accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was

referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a

Report and Recommendation.  Magistrate Judge McDonald recommends that the court

dismiss this case *without prejudice* and without service of process.  (ECF No. 11.)  The

Report and Recommendation sets forth in detail the relevant facts and standards of law on

this matter and the court incorporates them without recitation.

## BACKGROUND

The plaintiff filed this action against the defendant and Unknown Defendants in

September of 2013, which challenges the vote that denied him parole.  On September 13,

2013, the Magistrate Judge issued a Report and Recommendation recommending that this

case be dismissed *without prejudice* and without service of process.  (ECF No. 11.)  On

September 30, 2013, the plaintiff filed Objections.  (ECF No. 18.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight.   The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.   28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

As noted above, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation which the Court has carefully reviewed.   The plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.

As an initial matter, the Magistrate Judge noted that the plaintiff is not entitled to recover damages because a right of action has not accrued as required by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The plaintiff's objection cites *Muhammad v. Close*, 540 U.S. 749, (2004), where the Supreme Court held that "*Heck's* requirement to resort to state

litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Id.* At 751. In this case, however, it is clear that plaintiff *is* challenging the duration of his sentence, so the Court agrees with the Magistrate Judge that *Heck* applies here and overrules the plaintiff's objection.

The Magistrate Judge also rejected the plaintiff's attempt to use a § 1983 action to obtain release on parole, citing *Heck's* holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck*, 512 U.S. at 481. The Court does not understand the plaintiff to have raised any specific objection to this conclusion, and the Court agrees with the Magistrate Judge's analysis.

Finally, the Magistrate Judge also found that, in light of the fact that the plaintiff is still pursuing an appeal before the South Carolina Administrative Law Courts, a habeas petition "would be premature." The plaintiff objects to this finding, citing several cases that hold that a plaintiff need not exhaust administrative remedies to bring an action under § 1983. To be clear, the Magistrate Judge did not find that the plaintiff's § 1983 was barred by his failure to exhaust administrative remedies. His § 1983 action fails because he is challenging the duration of his sentence, which must be done exclusively through a habeas petition. The Magistrate Judge simply noted that *if* the plaintiff were to file a habeas petition, that petition would be premature because the plaintiff still has an appeal pending before a South Carolina Court.

Having conducted a *de novo* review of the entire Report and Recommendation, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Upon review, the Court finds the plaintiff's objections

lack merit, and they are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the court overrules the plaintiffs' objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED *without prejudice* and without issuance and service of process.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 15, 2014
Greenville, South Carolina